UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

AIMEE CRONK,
on behalf of herself and
all others similarly situated

        Plaintiff,

v.

COUNTY OF DUNN
3001 US Highway 12 East
Menomonie, Wisconsin 54751

        Defendant

Case No.: 20-cv-397

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Aimee Cronk, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff against Defendant, County of Dunn. Plaintiff brings her FLSA claims and causes of action against Defendant on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees of Defendant for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated an unlawful compensation system that deprived current and former hourly-paid, non-exempt employees of their wages earned for all compensable work performed each workweek by failing to pay said employees compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing. Defendant's deliberate failure to compensate its hourly-paid, non-exempt employees for hours worked at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA.

3. Plaintiff also brings claims and causes of action against Defendant on behalf of herself under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA") for back pay, front pay and/or reinstatement, compensatory and punitive damages, pre-judgment and post-judgment interest, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA").

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in the Western District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within this District.

## PARTIES AND COVERAGE

6. Plaintiff, Aimee Cronk, is an adult female resident of the State of Wisconsin with a post office address of N4878 449th Street, Menomonie, Wisconsin 54751.

7. Defendant, County of Dunn, was, at all material times herein, a governmental entity with a principal mailing address of 3001 US Highway 12 East, Menomonie, Wisconsin 54751.

8. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

9. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA.

12. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work as an hourly-paid, non-exempt Secretary I in Defendant's District Attorney's Office.

13. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

14. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other

hourly-paid, non-exempt employees were subjected to Defendant's same unlawful compensation policies as enumerated herein.

15. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge in non-exempt, hourly-paid job positions.

16. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

17. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

18. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

19. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

20. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

21. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

22. On or about March 27, 2020, Plaintiff filed an employment discrimination complaint against Defendant with the Equal Employment Opportunity Commission ("EEOC") – Milwaukee Area Office, designated as Charge No. 443-2020-01501C, alleging violations of the ADA.

23. The EEOC issued Plaintiff a Notice of Right to Sue on Charge No. 443-2020-01501C., dated April 17, 2020.

24. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

**GENERAL ALLEGATIONS**

25. In approximately October 2014, Defendant hired Plaintiff into the position of Secretary I working in Defendant's District Attorney's Office.

26. During Plaintiff's employment with Defendant, Plaintiff reported directly to Andrea Nodolf, District Attorney.

27. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction in the position of Secretary I in Defendant's District Attorney's Office.

28. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

29. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

30. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording compensatory time worked and earned by Plaintiff and all other hourly-paid, non-exempt employees.

31. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

32. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

34. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via paycheck.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA purposes was Sunday through Saturday.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to pay said employees compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees employed by Defendant were legally entitled to compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt employees being deprived of compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees at

the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees with compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

43. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All current and former hourly-paid, non-exempt employees employed by Defendant during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to pay said employees compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

44. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

45. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and although Plaintiff and the FLSA Collective primarily performed non-exempt

job duties, were compensated on an hourly basis, and worked in excess of forty (40) hours each workweek, Defendant's pay practices failed compensate Plaintiff and the FLSA Collective with compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

47. Defendant's deliberate failure to properly compensate Plaintiff and the FLSA Collective in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

48. Defendant's unlawful practices as described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

49. Defendant was or should have been aware that its unlawful practices as described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

50. Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

51. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

52. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime compensation and calculation purposes.

53. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

54. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## INDIVIDUAL ALLEGATIONS UNDER THE ADA

55. For years, Plaintiff has suffered from heart disease, which is a permanent physical health condition that significantly impacts the normal functioning of Plaintiff's organ(s), cardiovascular system, and, at times, Plaintiff's ability to breathe, think, walk, run, bend, lift, squat, stretch, to care for herself, to perform manual tasks, and, at times, to work. The negative effects of Plaintiff's heart disease have resulted in corrective surgeries and medical procedures, including but not limited to at least four angiograms. Over the years, Plaintiff has also suffered from additional permanent, physical health conditions that have significantly impacted the normal functioning of Plaintiff's bodily functions and everyday life, necessitating and resulting in major surgeries, such as a hysterectomy and eye surgery (hereinafter, collectively, Plaintiff's "Disabilities").

56. For years, Plaintiff has been prescribed and regularly takes prescription medication for her Disabilities, including but not limited to nitroglycerin for her heart disease.

57. During Plaintiff's employment with Defendant, Defendant, including but not limited to Nodolf, were aware and/or had knowledge of Plaintiff's Disabilities.

58. During Plaintiff's employment with Defendant, Nodolf outwardly expressed her displeasure about Plaintiff's Disabilities, including but not limited to stating, "I don't like that," when referring to Plaintiff's use of nitroglycerin for her heart disease.

59. During the years 2018, 2019, and 2020, Plaintiff utilized approved Family Medical Leave Act ("FMLA") because of her Disabilities. Specifically, from approximately August 6, 2019 to January 6, 2020, Plaintiff utilized approved FMLA leave and a leave of absence from work at Defendant because of her Disabilities.

60. On or about January 7, 2020, Plaintiff returned to work at Defendant from her approved FMLA leave and leave of absence because of her Disabilities.

61. On or about January 7, 2020, Nodolf terminated Plaintiff's employment with Defendant.

62. Nodolf terminated Plaintiff's employment with Defendant on or about January 7, 2020 for allegedly "violating" policies and/or procedures contained in Defendant's "Employee Handbook."

63. Plaintiff did not "violate" Defendant's policies and/or procedures as stated in its "Employee Handbook" that formed the basis of Defendant's termination of her.

**FIRST CAUSE OF ACTION**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff, on behalf of herself and the FLSA Collective – Overtime Pay Owed)**

64. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

65. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

66. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

67. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

68. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

69. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

70. Defendant violated the FLSA by failing to, in accordance with 29 U.S.C. § 207(o)(1), pay the FLSA Collective with compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing.

71. Defendant was (and is) subject to the overtime pay requirements of the FLSA as set forth in 29 U.S.C. § 203.

72. Defendant's failure to properly compensate Plaintiff and the FLSA Collective with overtime pay was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

73. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

74. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

75. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CAUSE OF ACTION
### Violations of the Americans with Disabilities Act of 2008, as Amended
### (Plaintiff, on behalf of herself)

76. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77. Defendant intentionally discriminated against Plaintiff on the basis of her Disabilities by terminating her employment because of her Disabilities, in reckless disregard for her federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

78. Defendant intentionally discriminated against Plaintiff on the basis of her Disabilities by failing to reasonably accommodate her Disabilities, effectively terminating her employment, in reckless disregard for her federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

79. As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the forms of lost wages and other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

  d)  Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

  e)  Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, including pre-judgment and post-judgment interest, pursuant to the FLSA;

  f)  Issue an Order directing and requiring Defendant to pay Plaintiff back pay, front pay and/or reinstatement, compensatory and punitive damages, pre-judgment and post-judgment interest, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate, pursuant to the ADA; and

  g)  Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 29th day of April, 2020

               WALCHESKE & LUZI, LLC
               Counsel for Plaintiff

               s/ *Scott S. Luzi*_____
               James A. Walcheske, State Bar No. 1065635
               Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com