UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

AIMEE CRONK,

    Plaintiff,

v.                                         Case No. 20-cv-397

COUNTY OF DUNN,

    Defendant.

---

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

---

### INTRODUCTION

Plaintiff, Aimee Cronk, and Defendant, County of Dunn (the "County"), jointly move this Court for approval of the Parties' settlement of this lawsuit in accordance with the Confidential Settlement Agreement and General Release ("Agreement") attached to this Joint Motion as Exhibit A. The Agreement provides for a total monetary settlement payment of $5,000.00, inclusive of attorneys' fees and costs. The Parties believe that the settlement, specifically the settlement and release of any of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), is fair and reasonable as it fully and adequately satisfies the criteria for such settlements. As such, the Parties respectfully request that the Court enter an order which approves the Agreement as a reasonable compromise of disputed issues.

### FACTS AND PROCEDURAL HISTORY

On April 29, 2020, Plaintiff filed her Complaint against the County, asserting on behalf of herself and all other similarly situated individuals a claim under the FLSA and a claim on behalf of herself under the Americans with Disabilities Act ("ADA"). [ECF 1]. Specifically, Plaintiff

alleged that the County operated a compensation system that deprived her and other employees from wages earned by failing to pay the employees compensatory time in lieu of overtime compensation at a rate not less than one and on-half hours for each hour of work for which overtime compensation was due and owing. *Id.* Plaintiff also asserted that her discharge from the County was in violation of the ADA and that the County failed to accommodate her qualified disability. *Id.*

The County moved to dismiss the Complaint on May 28, 2020 for failure to state a claim. [ECF 10]. In response, on June 15, 2020, Plaintiff filed an Amended Complaint adding additional facts. [ECF 12]. The County moved to dismiss the Amended Complaint for failure to state a claim on June 29, 2020. [ECF 13]. That motion was fully briefed by the Parties on July 24, 2020. *See* [ECF 14, 15, 16, 17, 18]. That motion is still pending before the Court.

On November 5, 2020, the Parties filed a "Stipulation of Dismissal Without Prejudice as to Only Plaintiff's 'First Cause of Action – Violations of the Fair Labor Standards Act of 1938, as Amended (Plaintiff on behalf of herself and the FLSA Collective – Overtime Pay Owed).'" [ECF 21]. The case has proceeded through discovery on Plaintiff's remaining ADA claims.

On October 27, 2021, the Parties agreed in principle to settle this case. As part of the settlement, the Parties contemplate Plaintiff releasing any claims she may have against the County for violation of the FLSA, as alleged in the Amended Complaint, that were previously dismissed without prejudice. Accordingly, the Parties request the Court approve the portion of the Agreement releasing claims under the FLSA.

**ARGUMENT**

**I.     THE SETTLEMENT IS FAIR AND NOT A WAIVER OF STATUTORY RIGHTS.**

Because the FLSA bars settlements that "establish sub-minimum wages," this Court will review settlement agreements to determine whether they "represent[] a fair and reasonable resolution of a *bona fide* dispute." *Butz v. Automation Sols. of Am., Inc.*, No. 16-cv-696-jdp, 2017 U.S. Dist. LEXIS 183851, at *2 (W.D. Wis. Nov. 7, 2017) (internal citations omitted). While there is no pending collective action in this case, courts typically require single plaintiffs to obtain court approval of a settlement of a FLSA claim. *See Kostic v. Edin Sabic*, No. 1:20-CV-310-HAB, 2020 U.S. Dist. LEXIS 227541, at *1-2 (N.D. Ind. Dec. 3, 2020). However, the same information needed to obtain approval of a collective action is not required where a single plaintiff has direct control of the litigation, and the interests of other members are not being represented. *See Butz*, 2017 U.S. Dist. LEXIS 183851, at *3.Thus, the Court must determine that the Agreement is not "a mere waiver of statutory rights" but rather a compromise of disputed issues. *Id.* In doing so,

> [a] reviewing court normally approves a settlement where it is based on contentious arm's-length negotiations, which were undertaken in good faith by counsel and where serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

*Kostic*, 2020 U.S. Dist. LEXIS 227541, at *2 (internal citations omitted).

Plaintiff brought a claim on her behalf and a proposed collective under the FLSA. *See* [ECF 12]. Plaintiff's claim under the FLSA was that she and other current and former employees of the County were subject to an "unlawful policy, practice, custom, and/or scheme of failing to pay said employees compensatory time in lieu of overtime compensation at a rate not less than one and one-half hours for each hour of work for which overtime compensation was due and owing." [ECF 12, ¶ 37]. She claimed that during the three years preceding the filing of her original

3

Complaint (on April 29, 2020) she earned compensatory time and that the County accrued her compensatory time at the rate of one hour for each hour of work for which overtime compensation was due and owing. *Id.* at ¶ 41.

Under the FLSA, government entities like the County, "are allowed the option of compensating employees by giving them time off work at a rate of one and one-half hours for every hour worked, instead of paying overtime." *Heitmann v. City of Chi.*, Nos. 04 C 3304, 04 C 5712, 2007 U.S. Dist. LEXIS 67684, at *24 (N.D. Ill. Sep. 11, 2007) (citing 29 U.S.C. § 207(o)(1)).

The County ran reports of all hours that Plaintiff worked from April 29, 2017 to the conclusion of her employment and confirmed that Plaintiff worked more than 40 hours in a given workweek and accrued compensatory time only a few times in 2017. She received the appropriate amount of compensatory time of one and one-half hours for every hour worked in 2017. Plaintiff worked overtime in a number of workweeks, but she was compensated with compensatory time at a rate of one and one-half hours for every overtime hour she worked. She worked no overtime entitling her to compensatory time in 2018, 2019, or 2020.

Plaintiff, through her counsel, was provided with these payroll records (payroll reports showing all hours worked and compensatory time earned and pay stubs) for the three years preceding the filing of her original Complaint. Plaintiff's counsel reviewed these documents and, as a result, voluntarily dismissed the FLSA claim, including the collection action against the County. *See* [ECF 21]; *see also Vega v. Mid Am. Taping & Reeling, Inc.*, No. 1:16-cv-08158, 2018 U.S. Dist. LEXIS 98543, at *9 (N.D. Ill. June 12, 2018) (explaining that a plaintiff that sustained no injury in fact cannot bring a collective action under the FLSA).

With no FLSA collective action pending, the Parties continued to litigate Plaintiff's remaining ADA claim. In light of the outstanding motion to dismiss, the need to conduct multiple

4

depositions, and the possibility of filing and responding to summary judgment motions, the Parties determined it was in their best interests to settle the case for the amount set forth in the Agreement to avoid the costs and uncertainty of further litigation. However, because Plaintiff's FLSA claim was dismissed without prejudice, the Parties wish to include a release of that claim as part of the Agreement. In light of the prior determination that there was not sufficient factual support for Plaintiff's FLSA claims, and that it did not appear to Plaintiff's experienced counsel that she was owed any wages or compensation, this settlement is not a waiver of rights and reflects a reasonable compromise of a disputed issue, including the pending claims under the ADA.

Further, because it was determined that no wages were owed to Plaintiff, resulting in her prior dismissal of her FLSA claim, the Parties' settlement does not "establish sub-minimum wages." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

In sum, the Agreement was based on arm's length negotiations by counsel for the Parties and the Parties believe that the Agreement is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Parties respectfully request that the Court enter the contemporaneously filed proposed order, approving the Agreement attached as Exhibit A.

Dated this 11th day of November, 2021.

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Attorneys for Plaintiff, Aimee Cronk | KOPKA PINKUS DOLIN PC<br>Attorneys for Defendant, Dunn County |
| By:  /s/*James A. Walcheske*<br>      James A. Walcheske<br>      State Bar No. 1065635<br>      235 N. Executive Drive<br>      Suite 240<br>      Brookfield, WI 53005<br>      (262) 780-1953<br>      (262) 565-6469 (facsimile)<br>      jwalcheske@walcheskeluzi.com | By:  /s/ *Ronald S. Stadler*<br>      Ronald S. Stadler<br>      State Bar No. 1017450<br>      N19W24200 Riverwood Dr<br>      Suite 140<br>      Waukesha, WI 53188-1191<br>      (847) 549-9611<br>      (847) 549-9636 (facsimile)<br>      rsstadler@kopkalaw.com |